# EXHIBIT A

### HAROLD R. BERK, ESQUIRE
**Attorney at Law**
1041 Glendevon Drive
Ambler, PA 19002-1855
215-646-3434
215-219-0547 mobile
215-646-3434 fax
haroldberk@gmail.com

February 26, 2011

Zane David Memeger, Esquire
United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

RE: Chase Home Loan
J.P. Morgan Chase Bank

Dear Mr. Memeger:

Congratulations on your appointment as the United States Attorney for the Eastern District of Pennsylvania.

It is a shame that I need to send this letter and bother you or your office, but a rather major bank is violating the Fair Debt Collection Act, privacy acts and other laws by constantly calling me about an alleged car loan for my former wife, Nancy Berk. I was divorced from Nancy Berk in August, 1998. Nevertheless I have received sometimes two or more telephone calls per week from Chase Auto Loan regarding a supposed delinquent account of my former wife.

They call me home here in Ambler, PA. Nancy Berk has never lived here.

Each time the Chase Auto loan people call, I tell them they are calling about an alleged account for my former wife who I divorced 12 years ago. I ask them to stop the calls.

Despite my requests, they refuse to cease, and continually call me about this alleged loan despite the fact that I have informed them at least ten times that I was divorced from Nancy Berk in 1998.

They called again at about 10:00 am this morning and used a telephone number of: 866-932-6711. This may be a collection agency, but they identify themselves as Chase Auto Loan. I have asked them to give me their business address, but each time I make that request, they hang up the phone. This is no way for a large bank to behave.

On at least five occasions I have told them that if they continue to make these harassing calls to me about alleged debt of my former wife, I will report them to the United States Attorney's Office.

Despite my warning to them, repeatedly, that I will report them to the United States Attorney for using interstate commerce phone networks to engage in harassment and invasion of privacy and violation of the Fair Debt Collection Act, they continue to do so as they did again this morning.

I do not care how big J.P. Morgan Chase is. They are not above the law though they act like they are.

Please investigate this matter so that J.P. Morgan Chase will stop violating the law and the Fair Debt Collection Practices Act.

Thank you very much for your assistance and cooperation.

Respectfully,

Harold R. Berk
Attorney at Law

cc: Chase Auto Loans, Louisville, KY
    Stephen M. Cutler, Esquire
        General Counsel
    Elizabeth Barry, Head of Retail Banking

2

# EXHIBIT B

**HAROLD R. BERK, ESQUIRE**
**Attorney at Law**
1041 Glendevon Drive
Ambler, PA 19002-1855
215-646-3434
215-219-0547 mobile
215-646-3434 fax
haroldberk@gmail.com

March 14, 2011

PERSONAL AND CONFIDENTIAL

VIA FEDERAL EXPRESS

Stephen M. Cutler, Esquire
General Counsel
J.P. Morgan Chase & Co.
J.P. Morgan Chase Bank, N.A.
270 Park Avenue
New York, N.Y.  10017-2070

Dear Mr. Cutler:

I sent you a copy of my February 26, 2011 letter to David Memeger, Esquire, United States Attorney for the Eastern District of Pennsylvania, concerning the continued harassment, invasion of privacy and violation of the Fair Debt Collection Practices Act, by representatives of Chase Auto Loans calling me over an 18 month period on at least 15 separate occasions, concerning an auto loan supposedly taken out by ex-wife, Nancy Berk, in 2002. I stated in my letter that I have been divorced from Nancy Berk since 1998, and I know nothing about her financial affairs or any auto loans that she may have taken in 2002. I told this same thing on at least 15 occasions to representatives of Chase Auto Loans, but the repeated calls kept on coming.

After I sent my letter to the United States Attorney, I received a phone call on my home telephone line, 215-646-2221, on March 7, 2011 at around 4:30 p.m. from a Jack Russell, who identified himself as a representative of Chase and then proceeded to grill me about the whereabouts of Nancy Berk and her auto loan with J.P. Morgan Chase. I told him I found his call incredible in light of my letter to the U.S. Attorney concerning the harassment and repeated phone calls to me about my ex-wife's auto loan, and I asked him if he was aware of my letter to the U.S. Attorney and its copy to you. He said that he was specifically calling me at your direction.

I then told him my ex-wife's address and noted that she has lived at the same location for almost 20 years, and if she took out an auto loan in 2002, presumably she gave Chase her

address, so why is Chase continuing to harass me about her location and the loan of which I have no knowledge?

Mr. Russell then said that he has 20 Nancy Berks on his list, and he does not know which one has the Chase Auto loan. So Mr. Russell, calling at your request, has now advised me that after 15 phone calls to me from Chase Auto Loans, Chase does not even know whether my ex-wife is your borrower.

Incredible!

Apparently as the chief legal officer of J.P. Morgan Chase & Co. you are not familiar with the terms of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), so I am enclosing a copy for your reference. It is available from the Federal Trade Commission on their website. Please note that under Section 804(3), 15 U.S.C. §1692b(3), a debt collector seeking location information about its debtor can only call another person **once** to solicit this information. **Not 15 times.**

Worse yet you as the General Counsel of Chase directed Mr. Russell to again contact me about my ex-wife's location and her supposed auto loan debt, which based on the facts in my letter to Mr. Memeger, was clearly an intentional violation of the FDCPA on its face.

I had expected an apology from you and not an intentional further violation of the FDCPA at the hands of the General Counsel of J. P. Morgan Chase & Co.

Then as I returned from a trip to Texas, I received the enclosed incredible letter, dated March 3, 2011, from Michon Suter, Executive Specialist, Chase Auto Finance Executive Office of J.P. Morgan Chase Bank, N.A. stating that they had conducted an investigation of my complaint to the U.S. Attorney:

> We have conducted a review of your claims and do not find any indication that our representatives did not comply with our policies and procedures.

Since my letter to the U.S. Attorney clearly stated that Chase had contacted me on many occasions concerning this supposed loan by my ex-wife, Suter is stating that repeated contact with a person concerning the location of his ex-wife and information about her auto loan is consistent with J.P. Morgan Chase Bank, N.A. policies and procedures. As you can tell such a policy and procedure is a clear violation of the FDCPA on its face.

My letter to the U.S. Attorney noted that on at least five occasions I told representatives of Chase Auto Loans that if they contacted me again I would report the matter to the U.S. Attorney. That did not stop their calls and intentional violation of the FDCPA.

I must advise you that I also reported this entire matter and provided copies of the relevant documents to a cousin of mine who is a member of the Board of Directors of J.P. Morgan Chase & Co. At my request, he told me that he had contacted Chase on my behalf on

March 4, 2011, and he again confirmed his direct contact to Chase on March 7, 2011 after I advised him of Mr. Russell's call to me at your direction.

Chase also called my second ex-wife, Marian Tracey, on at least four occasions and grilled her about an auto loan to my first ex-wife. I assure you Mr. Cutler that my second ex-wife never lived with my first ex-wife and knows nothing about her business and does not want to know anything.  Ms. Tracey complained to me bitterly about these harassing calls to her from Chase and asked me to get them to stop it.

Also, the phone that Chase people keep calling is my home phone, and it is registered on the federal Do Not Call List.  Since I have no business relationship with Chase, no Chase employee or agent is permitted to call me on my home phone.  Chase also violated the Do Not Call list restrictions, as did you in directing Mr. Russell to call me.

Now, I have had enough of Chase and its policies and the continued harassment, invasion of privacy and intentional violation of the FDCPA even at the direction of its General Counsel, you.

So since you did not previously get the message, let me put it into words you should understand.

**I hereby demand compensation by J.P. Morgan Chase Bank, N.A., Chase Auto Loans and you Mr. Cutler, personally, in the amount of $100,000.00 for this continued and repeated harassment, invasion of privacy, intentional violation of the FDCPA, intentional infliction of emotional harm etc. If this matter is not amicably resolved to my complete satisfaction by no later than March 25, 2011, I will immediately thereafter initiate legal action against the identified parties, including you, for compensatory and punitive damages including attorney fees.  Any such litigation will be filed as a class action in federal court based upon the admission of the illegal Chase policies and procedures as confirmed by the letter sent by Ms. Suter on behalf of J.P. Morgan Chase Bank, N.A. as her letter advises.**

I have handled class actions before and have obtained a nationwide class action judgment and, in one instance, a judgment against a defendant class in the Delaware Court of Chancery which was affirmed by the Delaware Supreme Court.

So, Mr. Cutler, if you do not settle, make my day.

Sincerely,

Harold R. Berk
Attorney at Law

cc:  Michon Suter, Chase Auto Finance Executive Office of J.P. Morgan Chase Bank, N.A.

# EXHIBIT C

# CHASE ○

March 3, 2011

Mr. Harold R. Berk, Esq.
Attorney at Law
1041 Glendevon Drive
Ambler, PA  19002-1855

Re:  Cease and Desist

Dear Mr. Berk:

This letter is in response to your correspondence dated February 26, 2011, concerning the above referenced Cease and Desist request.  Although I regret the circumstances that have prompted you to contact us, I appreciate the opportunity to be of assistance.

In response to her correspondence, I have  thoroughly reviewed our records and have found that your phone number was  erroneously associated with a  Chase Auto Finance account.  Please be assured that your phone number has been removed from our records and you should no longer receive any calls from Chase Auto Finance.  However, if you do receive any further calls, please call me at my direct number listed below.

Your letter refers to interactions with our representatives which are not in keeping with our service standards.  We have conducted a review of your claims and do not find any indication that our representatives did not comply with our policies and procedures.

Thank you for bringing your concerns and dissatisfaction to our attention.  We hope your questions and concerns have been answered, as we believe that a full review of these concerns has been conducted.  If you would like to discuss this matter further, please call me directly at 1-317-756-6534.

Sincerely,

*Michon Suter*

Michon Suter
Executive Specialist
Chase Auto Finance Executive Office

cc: Annemarie DeTommaso, Vice President

# EXHIBIT D

# CHASE ⬡

March 11, 2011

Mr. Harold R. Berk, Esq.
Attorney at Law
1041 Glendevon Drive
Ambler, PA 19002-1855

RE:  Cease and Desist

Dear Mr. Berk:

This letter is in response to your recent correspondence received in our office on March 8, 2011 regarding your cease and desist request.  Although I regret the circumstances that have prompted you to contact us, I appreciate the opportunity to be of assistance.

Please note that on March 3, 2011 we forwarded you the enclosed response letter addressing your concerns.

We hope that we have been responsive to your inquiry and that our correspondence has provided a resolution to your concerns.  Thank you for your patience regarding this matter, and for the opportunity to have been of assistance. . If you should have any further questions or concerns, please call me directly at 1-800-643-1599, extension 4916.

Sincerely,

Daphne Delbrune
Executive Specialist
Chase Auto Finance Executive Office

cc:  Annemarie DeTommaso, Vice President

Enclosure

# EXHIBIT E

Chase Auto Finance
PO Box 901076
Ft Worth, TX 76101-2076



Harold R. Berk, Esquire
Attorney At Law
1041 Glendevon Drive
Ambler, PA 19002-1855

                              March 16, 2011

Re: Cease and Desist

Dear Mr. Berk:

We are in receipt of your correspondence dated March 14, 2011.

Please be advised that further research and review is required in
order for us to provide you with an accurate and thorough response.
Our response should be mailed to you within seven calendar days.

If you have any questions regarding this information, please contact
our Executive Office at 1-866-401-9739.

Sincerely,

Concetta Palladino
Executive Specialist
Chase Auto Finance Executive Office

# EXHIBIT F

# CHASE ○

**Jeffrey H. Levine**
Senior Vice President
General Counsel
Legal Department

March 30, 2011

Via FedEx

Harold R. Berk, Esq.
Attorney at Law
1041 Glendevon Drive
Ambler, PA 19002-1855

Dear Mr. Berk:

This letter is in response to your letters received by JPMorgan Chase Bank, N.A. ("Chase") dated February 26, 2011, March 14, 2011, March 19, 2011 and March 25, 2011.

As I mentioned to you during our call on Monday March 28th, based on our investigation we did not find any records which show that Chase Auto Finance made direct telephone contact with you or Marian Tracey. We do have records of messages left for you at the following telephone numbers: 215-947-5449, 215-646-3844 and cell phone number 215-646-3844. These numbers were obtained by Chase in our attempt to attain location information for a Chase customer. To the extent that you have records of telephone numbers from which you were contacted by a Chase representative, please send those numbers to me so that I can investigate further.

However, following our call, we did determine that on March 7th, Jack Russell, a Chase Home Lending employee, called you in response to your letter dated February 26th which was copied to Stephen Cutler. Mr. Russell's intent in calling you was to obtain further details and to assist in the resolution of your complaint with Chase. Unfortunately, since you were unwilling to provide specific information to Mr. Russell, he was unable to assist you and referred your concerns to the Chase Auto Finance Executive Office for review. The Executive Office in turn worked with my office to determine the above mentioned facts in response to your claims.

Please be advised that we notified Accounts Receivable Management ("ARM"), a collection agency, and requested that no further attempts be made to contact you for the location information of a particular Chase customer relating to a Chase Auto account. Please use the following address if you would like to contact ARM: Accounts Receivable Management, 155 MidAtlantic Parkway, Thorofare, NJ 08086.

We apologize for any inconvenience that we may have caused you and would be happy to try to resolve this matter. In any event, if you feel the need to serve us, please use the following address: Legal Papers Served, 1 Chase Plaza, 20th Floor, New York, New York 10005-1401.

Sincerely,

*Jeffrey H. Levine*

Jeffrey H. Levine

cc:   Stephen M. Cutler, Executive Vice President, General Counsel
      Annemarie DeTommaso, Vice President

**Chase Auto Finance Corp** • 900 Stewart Avenue, Garden City, NY 11530-4855
Telephone: 516 745 4564 • Facsimile: 516 745 4528
jeffrey.levine@chase.com

# EXHIBIT G

# HAROLD R. BERK, ESQUIRE
**Attorney at Law**
1041 Glendevon Drive
Ambler, PA 19002-1855
215-646-3434
215-219-0547 mobile
215-646-3434 fax
haroldberk@gmail.com

April 1, 2011

VIA FAX  856-687-1000

Mr. Joseph Burch, Senior Vice President
Mr. Michael Cosenza, Senior Vice President
Mr. George Fratz, General Manager
Accounts Receivable Management, Inc.
155 Mid-Atlantic Parkway
Thorofare, NJ 08086

Dear Messrs. Burch, Cosenza and Fratz:

I am enclosing for your reference a letter that I sent to the United States Attorney for the Eastern District of Pennsylvania concerning the repeated and continued harassment of me concerning a supposed auto loan taken out by my former wife, Nancy K. Berk, 9506 Wheelpump Lane, Philadelphia, PA 19119 from J.P. Morgan Chase Bank, N.A., trading as Chase Auto Loans. As I have told everyone, I have been formally and legally divorced from Nancy K. Berk since August, 1998 and I know nothing of her financial affairs but I do know that she has lived at the same location since 1992. I am also enclosing copies of letters sent to Stephen Cutler, Esquire, General Counsel Enforcement and Compliance for Chase, including the demand letter of March 14, 2011, and I note to you that the letter to the U.S. Attorney was copied to Mr. Cutler as well as Chase Auto Loans in Louisville, Kentucky, where you also have a location or the same location as Chase.

According to the letter of March 30, 2011 from Jeffrey H. Levine, Esquire, General Counsel of Chase, received by me by Federal Express on March 31, 2011, it was your company, for the most part, and not Chase that was responsible for the three years of harassing phone calls that have been made to me and to my second former wife Marian Tracey, concerning the supposed auto loan of Nancy K. Berk.

According to Chase, you are responsible for the repeated and continuing violations of the Fair Debt Collection Practices Act since it was your company, identifying yourself as Chase Auto Loans that made most of the calls to me and Ms. Tracey.

As I have noted that whenever I received these harassing telephone calls concerning an

account of which I have no knowledge, I have asked the caller for their identity and location, and on each occasion the caller stated they were Chase Auto Loans and hung up the phone and failed and refused to provide me their location information.  None of them ever identified your company, and the only identification I have of your company is the letter from Mr. Levine from Chase.

Since Chase has said that you are responsible for the violations of the FDCPA and not them, a point I dispute even if you were the harassing caller, I am here notifying you of my claims against your firm based on the information from Chase.

Chase claims that they have discussed this matter with you, and none of this is news to you as Chase has so advised you of my complaints.

**Based on Chase's information, together with my own, I herewith demand that Accounts Receivable Management, Inc pay me the sum of One Hundred Thousand Dollars ($100,000.00) in satisfaction of my claims for your repeated and flagrant intentional violation of the FDCPA and for your violation of numerous other federal statutes and your commission of common law torts of harassment, invasion of privacy, intimidation, intentional infliction of emotional harm and others.  I also claim that your company and Chase, together, committed violations of the Racketeer Influenced and Corrupt Organizations Act, RICO, under 18 U.S.C. §§1343, 1962 and 1964, among others.**

Since Chase has told me that they have on several occasions sought information from your company and its actions concerning my claims, nothing here should be news to you.

**You are herewith notified that if you have not agreed to a settlement, independent of and in addition  to any settlement that I may enter with Chase, by no later than Tuesday, February 5, 2011, at 5:00 p./m. E.D.T., I will promptly sue your company in litigation in federal court in Philadelphia for all claims related to this matter.**

**You are further herewith notified to preserve all written record, emails, reports , investigations, letters and other documents related to this matter, and they will all be subject to formal discovery in the litigation to be filed in federal court.**

Sincerely,

Harold R Berk

Harold R. Berk
Attorney at Law

cc: Jeffrey H. Levine. Esquire
    J.P. Morgan Chase Bank, N.A.

# EXHIBIT H

# HAROLD R. BERK, ESQUIRE
### Attorney at Law
1041 Glendevon Drive
Ambler, PA 19002-1855
215-646-3434
215-219-0547 mobile
215-646-3434 fax
haroldberk@gmail.com

April 5, 2011

VIA FAX  856-687-1000

Mr. Joseph Burch, Senior Vice President
Mr. Michael Cosenza, Senior Vice President
Mr. George Fratz, General Manager
Accounts Receivable Management, Inc.
155 Mid-Atlantic Parkway
Thorofare, NJ 08086

Dear Messrs. Burch, Cosenza and Fratz:

Here are Emails today and earlier sent by me to J.P. Morgan Chase Bank, N.A. etc.

I knew nothing of your organization or its involvement until Mr. Levine, General Counsel of Chase, named your company as the ones that have been contacting me for three years about my former wife's supposed car loan.

But I understand and believe that based upon Mr. Levine's disclosures, your company has been the one contacting me for three years, and my other former wife Marian Tracey, but your people all false claim that they are Chase Auto Loans personnel.  By doing so Chase can claim that they are not subject to the Fair Debt Collection Practices Act saying that a creditor was calling me and not a debt collector.  But all the way along, according to Levine at Chase, it was ARM, Inc, calling me for three years and falsely and fraudulently claiming to be Chase Auto Loans. So ARM, Inc. as a debt collector under the FDCPA has made perhaps 20 phone calls to me in 2009, 2010 and 2011 concerning a supposed car loan by my former wife, from whom I have been divorced since August, 1998, and about which I know nothing.

The FDCPA allows you one call for location information, not 20. And in any event she lives at the same location as house has lived since we bought the house together in April, 1992.  I just drove by the residence, and she appears to still live there, but I know nothing about any car loan and I do not want to know anything about her financial affairs or anything else concerning her.  So your 20 or more calls for location information were obviously clear harassment and intentional violation of the FDCPA.

If you contend that Chase is not telling the truth and it was Chase after all that called me for at least 20 times concerning matters about which I have no knowledge, please advise me. If I do not hear from you in writing, I will assume that Chase's claims are true and that you made the calls to me and falsely claimed to be Chase Auto loans.

Remember you only have until 5:00 p.m. today, Tuesday, April 5, 2011 , to settle with me or the complaint will be filed in federal court tomorrow, and copies will be sent to Bloomberg, the Wall Street Journal, CNBC, New York Times, Philadelphia Inquirer and other news outlets.

Sincerely,

Harold R. Berk
Attorney at Law

cc: Jeffrey H. Levine. Esquire
J.P. Morgan Chase Bank, N.A.

# EXHIBIT I



ACCOUNTS
RECEIVABLE
MANAGEMENT, INC.

Reply To:
Post Office Box 129
Thorofare, NJ 08086-0129

155 Mid Atlantic Parkway
Thorofare, NJ 08086
1.800.220.3350
Fax 856.687.1000
www.arm1.com

April 5, 2011

Harold R. Berk, Esquire
Attorney at Law
1041 Glendevon Drive
Ambler, PA 19002-1855

Dear Mr. Berk:

After reviewing the record we can find no violation of the FDCPA, the TCPA, or any consumer protection statute covering this matter. As a result of our investigation we conclude that our conduct is nowhere near the imprecations read in your letters.

It is perfectly clear to us that neither you nor anyone else ever advised us a wrong number was being dialed. Simply, there is no actionable violation.

Please consider this FRCP Rule 11 "safe harbor" notice if you choose to file. We reserve the right to recover all costs and proceed to have a court enforce our motions for same.

If you have any evidence supporting your claims, please forward it and we will be happy to review what you have.

Lastly, we examined your written correspondence. You apparently allege my clients engaged in criminal activity, which is patently false. Since you published this information (to Mr. Levine), that would be libel per se. We are reserving the right to proceed in counter suit if you choose to file.

Very truly yours,

Thomas S. Novak III, Esquire
In House Counsel, EVP
ARM, Inc.
800-220-3350
*Admitted NJ, NY*

Cc:  Messrs. Burch, Cosenza, and Fratz