**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAROLD M BERK, INDIVIDUALLY AND ON BEHALF OF CLASS SIMILARLY SITUATED,<br>                    Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE BANK, N.A., J.P.MORGAN CHASE & CO., CHASE AUTO FINANCE CORPORATION, & ACCOUNTS RECEIVABLE MANAGEMENT INC,<br>                    Defendant. | Hon. Berle Schiller<br>Civil Action No.: 11-2715 |

## DEFENDANT'S, ACCOUNTS RECEIVABLE MANAGEMENT, INC., MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS.

Defendant, Accounts Receivable Management, Inc., ("ARM") respectfully joins with the Defendants, J.P. Morgan Chase Bank, N.A., J.P.Morgan Chase & Co., & Chase Auto Finance, ("Chase") in support of its motion to dismiss the Plaintiff's amended complaint as well as to strike class allegations. ARM submits this separate motion to address additional grounds in support of  dismissal of the Plaintiff's amended complaint as well as to strike class allegations. ARM sets forth its arguments in the accompanying memorandum of law.

Respectfully Submitted,
**MAURICE & NEEDLEMAN, P.C.**

/s/ *JOANN NEEDLEMAN*
JOANN NEEDLEMAN (74276)
935 One Penn Center
1617 John F. Kennedy Blvd
Philadelphia, PA 19103
(215) 789-7151
(215) 563-8970
joann@mnlawpc.com
*Attorney for Defendant,*
*Accounts Receivable Management Inc*

Date: July 29, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAROLD M BERK, INDIVIDUALLY AND ON BEHALF OF CLASS SIMILARLY SITUATED,<br>                    Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE BANK, N.A., J.P.MORGAN CHASE & CO., CHASE AUTO FINANCE CORPORATION, & ACCOUNTS RECEIVABLE MANAGEMENT INC,<br>                    Defendant. | Hon. Berle Schiller<br>Civil Action No.: 11-2715 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S, ACCOUNTS RECEIVABLE MANAGEMENT, INC., MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS.

Defendant, Accounts Receivable Management, Inc., ("ARM") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's amended complaint and to strike class allegations, as well as to join with Defendants, J.P. Morgan Chase Bank, N.A., J.P.Morgan Chase & Co., & Chase Auto Finance, ("Chase") in support of its motion to dismiss and strike class allegations.

## I.      PRELIMINARY STATEMENT

ARM joins with Chase in support of its motion to dismiss Plaintiff's amended complaint and to strike Plaintiff's class allegations.  ARM concurs with each and every argument raised by Chase. ARM, however, submits this separate motion to further highlight Plaintiff's failure to state any viable claim under the Fair Debt Collections Practices Act, ("FDCPA"), §1692 *et seq.,* as well as to assert additional grounds in support of striking Plainitff's class allegations.

## II.      STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

ARM incorporates the statement of facts as set forth by Chase in its motion.  In addition, ARM requests the Court to take particular notice of Plaintiff's allegations in ¶ 15 of its amended complaint. In an attempt to cure a significant deficiency in Plaintiff's underlying complaint, Plaintiff now alleges the following:

> Plaintiff is not a party to and is not obligated under any loan that his former wife may have entered with defendants, and if such loan exists, he has no knowledge of its terms, conditions or payment status. If any such loan exists, it would be a consumer loan subject to the FDCPA.

(Amd. Compl. ¶ 14).

Plaintiff alleges that he first learned about ARM during a telephone conversation with Jeffrey Levine, a representative of Chase. (Amd. Compl. ¶¶ 50, 57). Thereafter, he sent two (2) letters to ARM, one (1) on April 1, 2011 and one (1) on April 5, 2011. (Amd. Compl. ¶¶ 59,60; Exhibit G & H). Each of these letters accused ARM of contacting the Plaintiff multiple times over the course of three (3) years; these accusations were based soley on the statement from Mr. Levine and not by Plaintiff's own independent knowledge.

Plaintiff seeks monetary damages for his own individual claims of alleged violations of the FDCPA by ARM and Chase as well as for invasion of privacy, intentional infliction of emotional distress and RICO violations. However, Plaintiff seeks only declaratory and injunction relief for himself and class pursuant to the FDCPA and RICO. (Compl ¶¶ 122 – 130).

As will be shown in this memorandum, despite the slight amendment to his pleadings, Plaintiff has failed to cure the signifcant deficiencies that were apparent in his underlying complaint. These deficiencies remain and Plaintiff's amended complaint must be dismissed.

## II.  ARGUMENT

### A.  <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, this Court must accept all the factual allegations, and all reasonable inferences there from, as true and view the complaint in a light most favorable to the Plaintiff.  *Mele v. FRB*, 359 F.3d 251, 253 (3d Cir. 2004).

The standard for a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) was set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), where the Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u> (citations omitted).   Although the plaintiff is to be afforded every reasonable inference of fact, **the plaintiff must establish that it is legally entitled to the relief requested in its Complaint**. [Emphasis added]   As *Twombly* suggests, "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people' . . . . So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S. Ct. at 1966 (citations omitted).

A complaint that contains no more than legal conclusions is not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Likewise, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u>

Here, Plaintiff has failed to allege an relevant fact which would entitled him to the protections of the FDCPA. This "largely groundless claim" is not entitled to an assumption of truth and must be dismissed.

### B.    Plaintiff has Failed to Allege that the Debt is a Consumer Debt

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987). "By the plain terms of the statute, not all obligations to pay are considered 'debts' subject to the FDCPA." Hawthorne v. Mac Adjustment, 140 F.3d 1367, 1371 (11th Cir. 1998). The FDCPA defines a "debt" as

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Here, Plaintiff's amended complaint readily admits he is not a consumer, nor does he assert any allegations that the debt at issue arose out of a transaction primarily for personal family or household purposes.

Plaintiff alleges that the debt in question belonged to his ex-wife. However Plaintiff readily admits in his amended complaint that he had no knowledge of "its terms, conditions or payment status". (Amd. Compl. ¶ 15). Despite this lack of knowledge, Plaintiff concludes that the alleged debt was a "consumer loan". Such a blantantly speculative allegation is nothing more than an a baseless legal conclusion that does not warrant any "assumption of truth". See, *Ashcroft* , supra. Accordingly, the Plaintiff's amended complaint therefore does not satisfy even the most basic element of the FDCPA.

The Courts of this district have been unwilling to allow a Plaintiff wide latitude and the utilization of judicial resources on a hunch. The recent case of *Ogbin v. GE Money Bank et al,* Case 1:10-cv-05651, (D.N.J. 2011,  June 13, 2011) is an appropriate example. In *Ogbin*, the District Court was presented with the same deficient pleading by the Plaintiff, Ogbin. Said pleading lacked any allegations that the debt in question was a consumer debt, despite asserting violations of the FDPCA. Co-Defendant, Portfolio Recovery Associates ("PRA"), moved to dismiss the complaint.  The *Ogbin* court granted PRA's motion over Plaintiff's, Ogbin, objection and demands that it should given the opportunity to amend the complaint and pursue discovery. The *Ogbin* court noted:

> A plaintiff's request for discovery cannot serve as a basis to deny a defendant's motion to dismiss, as the filing of such a motion serves to protect a defendant from being subjected to discovery, during which a plaintiff hopes that facts will be unearthed to support plaintiff's speculation. See, e.g., *Giovanelli v. D. Simmons General Contracting,* 2010 WL 988544, *5 (D.N.J. 2010) ("Discovery cannot serve as a fishing expedition through which plaintiffs search for evidence to support facts they have not yet pleaded."); *Ogbin v. Citifinancial Mortg. Co.,Inc*., 2009 WL 4250036, *2 (D.N.J. 2009) (same).

*Obgin*, at fn 3. See Also, *Kimmel v. Cavalry Portfolio Servs., LLC*, 2011 U.S. Dist. LEXIS 55959 (E.D. Pa. 2011)(Plaintiff failed to establish the essential element of its FDCPA claim, as there was no evidence debt was a consumer debt).

The burden is on the Plaintiff to assert each and every element of his FDCPA claim, namely that 1) the plaintiff has been the object of debt collection stemming from a **consumer debt** (as defined by the statute); 2) the defendant is a third-party debt collector, and; 3) the defendant engaged in practices violating the FDCPA claim. *Harper v. Mfr.'s & Trust Co*., 2011 U.S. Dist. LEXIS 19905 (D.MD. 2011). Plaintiff has failed to do so, both in his underlying complaint and now in his amended complaint.  Plaintiff must not be given an opportunity to

establish his claim when he has already admitted that he is unaware of the nature of the debt, and the only way for him to establish that fact would be through the testimony of a 3rd party, namely his ex-wife. However, Plaintiff acknowledges in his amended complaint that he wants nothing to do with her, and the remainder of the allegations of the amended complaint suggest that she wants nothing to do with him as well. (Amd. Compl. ¶33).   Therefore as a matter of law Counts I, II, and IV of Plaintiff's amended complaint must be dismissed with prejudice.

       **C.**      **The FDCPA does not Provide for Injunctive Relief**

Count IV of Plaintiff's amended complaint seeks injunctive and declaratory relief for Plaintiff and the class for violations of the FDCPA. However, the FDCPA contains no express provision for injunctive or declaratory relief in private actions. *See* 15 U.S.C. § 1692k (listing damages and counsel fees as remedies, but not declaratory or injunctive relief); *Weiss v. Regal Collections*, 385 F.3d 387 (3rd. Cir. 2004) . Most courts have found equitable relief unavailable under the statute, at least with respect to private actions. See *Oppong v. First Union Mortgage Corp.,* 215 Fed Appx. 114, (3rd Cir. 2007) (the only remedy provided in the FDCPA for private litigants is damages)*;  Crawford v. Equifax Payment Servs., Inc*., 201 F.3d 877, 882 (7th Cir. 2000) (noting that all private actions under the FDCPA are for damages only); *Bolin v. Sears Roebuck & Co*., 231 F.3d 970, 977 n.39 (5th Cir. 2000) ("Although this circuit has not definitively ruled on the issue, courts uniformly hold that the FDCPA does not authorize equitable relief."); *Sibley v. Fulton Dekalb Collection Servs.*, 677 F.2d 830, 834 (11th Cir. 1982) (noting that equitable relief is not available to any individual under the Act). Furthermore, there is no case in this circuit where a Court has provided injunctive relief to the class under the FDCPA.

Plaintiff therefore simply does not have a basis for relief for either himself or the class under the FDCPA.  As a matter of law, Count IV of the Plaintiff's amended complaint must be dismissed with prejudice.

###### D.      ARM Joins in Support of Chase's Motion to Dismiss Claims under RICO

For the reasons set forth in Chase's motion to dismiss, this court must also dismiss any and all claims of RICO alleged against ARM.  Plaintiff's amended complaint has simply not pled the existence of an enterprise or that ARM operated or managed such alleged enterprise. Further, Plaintiff has failed to alleged any predicate acts of wire fraud undertaken by ARM, nor has any elements of fraud, or wire fraud as to ARM been plead with specificity. Counts III & IV of the Plaintiff's amended complaint must be dismissed with prejudice.

###### E.      ARM Joins in Support of Chase's Motion to Dismiss Claims under Intentional Infliction of Emotional Distress and Invasion of Privacy

For the reasons set forth in Chase's motion to dismiss, this court must also dismiss any and all claims of intentional infliction of emotional distress and invasion of privacy against ARM. Count V and VI of Plaintiff's amended complaint must be dismissed with prejudice.

###### F.      ARM Joins in Support of Striking Plaintiff's Class Allegation

For the reasons set forth in Chase's motion, Plaintiff's class allegations must be stricken. The appearance of impropriety is readily apparent on the face of the Plaintiff's amended complaint. Plaintiff seeks only injunctive relief for the class while at the same time seeking attorney's fees for himself, even though same are not permissible. See, *Goodman v. Peoples Bank*, 209 Fed. Appx 111 (3rd Cir. 2006)  citing *Kay v. Ehrler*, 449 U.S. 432 (1991) ( An attorney proceeding *pro se*, and is not entitled to attorneys fees).   Furthermore. Plaintiff intentionally omits the class from all other claims where he seeks monetary damages for himself. This type of scheme was addressed in *Kramer  v. Scientific Control Corp.*, 509 F.3d 1085 (3rd.

Cir. 1976) and the Court found that an attorney-plaintiff class representative simply may not also serve as counsel for the class. *Id* at 1089.

To the extent any claims survive as to ARM, Plaintiff must not be permitted to pursue the class claims, any and all class claims must be stricken and Plaintiff must not be permitted to be both Plaintiff and counsel to the class.

## IV.    CONCLUSION

For the reasons set forth in Defendant's, Accounts Receivable Management, Inc, memorandum as well as for the reasons set forth in Defendants', J.P. Morgan Chase Bank, N.A., J.P.Morgan Chase & Co., & Chase Auto Finance Corporation, memorandum and motion, the Plaintiff's amended complaint must be dimissed with prejudice in its entirey and to the extent any claims againt ARM survive, all class allegations must be stricken.

Respectfully Submitted,
**MAURICE & NEEDLEMAN, P.C.**

/s/ *JOANN NEEDLEMAN*
JOANN NEEDLEMAN (74276)
935 One Penn Center
1617 John F. Kennedy Blvd
Philadelphia, PA 19103
(215) 789-7151
(215) 563-8970
joann@mnlawpc.com
*Attorney for Defendant,*
*Accounts Receivable Management Inc*

Date: July 29, 2011

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct of the foregoing Motion to Dismiss and

Memorandum of Law was served on this date via the electronic filing system and regular mail,

postage-prepaid, addressed to the following:

Harold R. Berk, Esq.
1041 Glendevon Drive
Ambler, PA 19002

Martin C. Bryce, Jr., Esq
Daniel JT McKenna, Esq.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103-7599

/s/ *JOANN NEEDLEMAN*

_____

JOANN NEEDLEMAN (74276)

Dated:  July 29, 2011